Moses F. Tate *vs.* Citizens' Mutual Fire Insurance Company.

On a contract of insurance with two jointly on their joint property, one cannot sue alone, without proof of an assignment to him of the other's interest, and of the company's assent thereto.

An agent of an insurance company, to receive premiums and applications for insurance, and transmit policies, has no authority to waive notice of an assignment of a policy.

Action of contract on a policy of insurance made by the defendants to " Moses F. & James C. Tate," " on their stock and tools in their tannery in Charlestown," for one year from

the 3d of April 1855. The application, which was made part of the policy, described them as copartners. Trial in the court of common pleas in Middlesex, before *Bishop*, J., who signed this bill of exceptions:

" It appeared that after the making of the policy, and before the property was damaged by fire, James C. Tate conveyed all his interest in said property to Moses F. Tate. It also appeared that part of the property destroyed belonged to one Carleton, and another part to one Fernald, and was only in possession of said Tate to be manufactured.

" The plaintiff introduced James K. Frothingham, who testified that he was at the time of making said policy, and ever since, the agent of the defendants; that he obtained policies for said Tate, in this and other offices; that he was not authorized to bind the Citizens' Office by any contract or agreement, or give any assent in behalf of said office; but his authority extended merely to receiving applications and forwarding them to the office, receiving the policies and delivering them to the parties insured, receiving and receipting for premiums paid; that when any parties insured wished to make any change of the property insured, if they notified him, he notified the office, but that he had no authority in behalf of the office to make any change; that in May 1855 the plaintiff informed him that he had bought out his brother's interest in the business, including the property insured, and the witness told the plaintiff that in his opinion it made no difference in the insurance, and that he did not think it necessary to notify the office, and that no notice was given to the office by the witness, or to his knowledge. There was no other testimony that the office ever received notice of the conveyance of the property from James C. Tate to Moses F. Tate before its loss, or assented to the same.

" The defendant requested the presiding justice to instruct the jury that the plaintiff, to recover, must prove not only that the interest of James C. Tate in the property had been conveyed to him, but also that the policy of insurance had been assigned to him, and that the company had been notified of the assign-

ment, and had consented to the same. This instruction the judge gave, adding that the assignment need not be upon the policy, but might be made on another paper, and that a waiver of notice would answer the same purpose as assent, and gave instructions as to waiver, not excepted to.

" The defendants also requested the judge to rule that they were not liable, if the plaintiff notified said Frothingham as stated in said Frothingham's testimony, and said Frothingham told him he did not think it necessary to notify said company, and said company were not notified; or if said company were notified, and did not assent to the transfer of said property, and to the assignment of said policy, if any there was; that as said policy was a written instrument, the assignment by James C. Tate of his interest to the plaintiff, if any there was, must have been in writing; that there could have been no waiver of the legal rights of the company, as to notice of alienation, assignment of policy, and consent to the same by the president or other officer of the company, after the loss of the property insured, without an express agreement so to do; and that if the plaintiff is entitled to recover, he can recover only the amount of his interest in the property destroyed, after deducting the amount belonging to said Carleton and said Fernald.

" The judge refused to give any of these instructions, and instructed the jury that the plaintiff should recover the interest he had in the property on manufacture. To all of which the defendants excepted."

This case was argued at Boston in February 1859, by *J. G. Abbott*, for the defendants, and *J. Q. A. Griffin*, for the plaintiff.

BIGELOW, J. The contract of insurance in this case was made with two persons jointly. They are described as copartners in the application, which is referred to in the policy, and the property covered by the insurance is stated to belong to them both. It is a case where the form of the contract is joint, and where the legal interest in the subject matter of the contract is vested in two jointly. Upon familiar principles, both the joint contractors should join in bringing an action for a breach of the

contract, and the omission to join them is a good defence, either in abatement or under the general issue.

The sole ground therefore, on which an action on the policy can be maintained in the name of one of the joint contractors is, that the interest of the other joint contractor was assigned to the present plaintiff, who seeks to recover in this action in his own name only. But the difficulty which the plaintiff has to overcome in order to support this suit is, that an assignee of a *chose in action* cannot support an action in his own name, but must proceed in the name of the assignor, unless he can show a notice of the assignment to the other party to the contract, and his assent thereto. *Wilson* v. *Hill*, 3 Met. 69. *Fogg* v. *Middlesex Mutual Fire Ins. Co.* 10 Cush. 345, 346.

In the present case, it is expressly found in the exceptions, that no notice of the assignment of the interest of one of the assured in the policy to the other joint contractor was ever given to the defendants. The agent, Frothingham, was only a special agent to receive applications for insurance, and had no power to bind the defendants by any contract. *Hale* v. *Mechanics' Mutual Fire Ins. Co.* 6 Gray, 169. *Kimball* v. *Howard Fire Ins. Co.* 8 Gray, 37.

There was therefore no ground on which the plaintiff could maintain this action in his own name only. The instructions given to the jury therefore, however correct and true as abstract propositions, were wholly inapplicable to the case proved, and the verdict found for the plaintiffs must be set aside as being the result of a mistrial.

Without some other proof of an assent by the defendants to the assignment, the plaintiff can recover only by joining his co-contractor as a plaintiff. *Exceptions sustained.*